IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THADDEUS EVANS BURNS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-09-0002 |
| | § | |
| OFFICER JOHN THORNE, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER OF DISMISSAL

Plaintiff, a Galveston County Jail inmate proceeding *pro se* and requesting leave to proceed *in forma pauperis*, filed this section 1983 complaint against a Texas City police officer for the loss of his key ring and two automobiles during his arrest and booking in July of 2008.

After conducting a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, the Court DISMISSES this lawsuit for the reasons shown below.

### *Factual Background and Claims*

Public records for the Galveston County Sheriff's Office show that plaintiff is in custody of the Galveston County Jail on a parole board warrant and under charges for aggravated assault with a deadly weapon. Plaintiff alleges that, during his arrest and booking on July 28-29, 2008, his key ring was unlawfully given to a female "guest" who resided at

plaintiff's house.[1]  He further complains that police officers stole one of his automobiles and impounded another "for no apparent reason."  He requests the return of his key ring to his inmate property storage, and the "return" of the two vehicles to Marty's City Auto in Galveston, Texas.  He further requests that criminal charges be filed against his female house guest.

*Analysis*

Because plaintiff complains of the violation of his civil rights by state actors, the Court will review this lawsuit as one brought under 42 U.S.C. § 1983.  Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

---

[1]Plaintiff asserts that the key ring was given to the female guest during his initial arrest at the Texas City Police Department.  A review of his inmate property record from the Department fails to reveal any listing for a key ring.  Plaintiff signed the inventory, agreeing in writing to the "above inventory of my property that has been taken from me for storage[.]" (Docket Entry No. 1, exhibits). Inexplicably, the key ring appears on the inventory of his property upon his arrival at the Galveston County Jail the next day.  *Id.*  Plaintiff does not explain this discrepancy between his allegations and the inventories.

Under 42 U.S.C. § 1997e, inmates must exhaust administrative remedies for all civil actions brought with respect to prison conditions before filing a section 1983 suit in federal court.  The Supreme Court has held repeatedly that section 1997e requires a proper and complete exhaustion of all administrative procedures before an inmate can sue in federal court. *See Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle,* 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Plaintiff reports in his complaint that he did not exhausted his administrative remedies prior to filing this lawsuit.  The Galveston County Jail provides an available administrative grievance procedures for use by inmates in its custody.  *See*, *e.g.*, *Roach v. Galveston County Jail*, 2008 WL 4007593 (S.D. Tex. 2008).  To the extent plaintiff is raising a section 1983 claim against the Galveston County Jail, he has failed to exhaust administrative procedures, and he states no viable claim.  Plaintiff's admission on the face of his complaint is sufficient to allow the Court to dismiss without prejudice plaintiff's claims against the Jail for failure to state a claim.  *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("[A] court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.").

Regardless, the loss of personal property by an inmate does not raise an issue of constitutional dimension, and no viable section 1983 claim is presented regarding plaintiff's "loss" of his key ring and automobiles.  To the extent plaintiff believes that his property was wrongfully appropriated during his arrest and booking, his proper remedy is through the state

3

courts.  Because Texas has adequate post-deprivation state remedies for the confiscation of prisoner property, plaintiff may not pursue his claim for deprivation of property in a section 1983 action.  *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989); *see also Bilbrew v. Johnson*, 239 Fed. Appx. 49, 2007 WL 1839902 (5th Cir. 2007).   Moreover, this Court will not intervene into or impede any existing state proceedings regarding the impounding of plaintiff's vehicles.  *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Nor does this Court have any authority to order that criminal prosecution be commenced against plaintiff's female guest. The decision to commence state criminal proceedings rests with the appropriate district attorney, and plaintiff may not pursue such proceedings through this lawsuit. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

### Conclusion

Plaintiff's complaint fails to state a claim, predicated on his failure to exhaust prison administrative remedies and on the factual and legal basis of his allegations.  Accordingly, this lawsuit is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this Order to the parties, to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on January 14, 2009.

_____
Gray H. Miller
United States District Judge